# Court of Appeals
# of the State of Georgia

ATLANTA,  April 12, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1266. CAROLYN CORDELIA MILES v. RENEE HARDY.**

This case concerns the Estate of Pauline Martin. In October 2019, Vera Jacobs filed a petition for temporary letters of administration in probate court, alleging that Martin had died without a will. The following month, Carolyn Miles filed a competing petition to probate a will in solemn form, alleging that Martin had left a will. In March 2023, the probate court denied Miles's petition and declared the proffered will invalid. Miles appealed to the Georgia Supreme Court, which transferred the matter here. We dismissed the appeal as interlocutory because Jacobs and Renee Hardy had filed a new petition in probate court for letters of administration, and there was no indication that the administration of Martin's estate had concluded. See Case No. A24A0451 (Oct. 23, 2023).

Back in the probate court, in November 2023, Miles filed a document that, although titled "Motion for Certificate of Immediate Review," indicated her wish to appeal the probate court's March 2023 order to this Court. See OCGA § 5-6-37 (setting forth the requirements for a valid notice of appeal). Miles also filed two petitions asking the probate court to issue a certificate of immediate review as to its March 2023 order.[1] The court neither ruled on these petitions nor issued any certificate of immediate review. Instead, it stayed the probate court proceedings

---

[1] Additionally, Miles filed a "Motion for a New Trial/Hearing" seeking to set aside the court's March 2023 order. The probate court treated this filing as an extraordinary motion for new trial and denied it. None of Miles's filings indicate that she wishes to appeal that ruling.

pending resolution of this appeal. The probate court then transmitted the record to this Court. We lack jurisdiction for two reasons.

First, as with Miles's prior appeal, the record indicates that no final order has been entered and that the probate case is ongoing. In particular, it appears that the petition filed by Hardy and Jacobs remains pending below. Under these circumstances, Miles was required to use the interlocutory appeal procedures — including obtaining a timely certificate of immediate review from the probate court — to appeal the March 2023 order, and her failure to do so deprives us of jurisdiction over this appeal. See OCGA § 5-6-34 (b); *In re Estate of Reece*, 360 Ga. App. 364, 365-366 (861 SE2d 169) (2021).

Second, even if the case were now final, Miles's notice of appeal is untimely. A notice of appeal must be filed within 30 days of entry of an appealable order. OCGA § 5-6-38 (a). "The proper and timely filing of the notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Perry v. Paul Hastings, LLP*, 362 Ga. App. 140, 141 (866 SE2d 855) (2021) (citation and punctuation omitted). Here, Miles filed her November 2023 document indicating her wish to appeal approximately eight months after entry of the March 2023 order she wants to appeal.

For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __04/12/2024_____

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*